**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:23-CR-00121-AJT-3 |
| | ) | |
| HADJA MAMET FRANKLIN | ) | |

**DEFENDANT HADJA MAMET FRANKLIN'S**
**SENTENCING MEMORANDUM**

NOW COMES Defendant HADJA MAMET FRANKLIN ("Ms. Franklin"), by counsel and pursuant to Fed. R. Crim. P. 32 respectfully submits the following memorandum to reflect her position with regard to sentencing factors.

**I.    Statutory Sentences**

Ms. Franklin pled guilty to Count 1 of the indictment, which charged her with conspiracy to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), and 846, which carries with it a mandatory minimum term of 5 years and a maximum sentence of 40 years of imprisonment.

**II.   The Sentencing Factors Under 18 U.S.C. § 3553**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2). In "determining the particular sentence to be imposed," the Court must consider these purposes, the nature and circumstances of the offense and the history and

characteristics of the defendant, the need to avoid unwarranted disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)–(7).

In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines are just "one factor among several courts must consider in determining an appropriate sentence." While the Guidelines must serve as the "starting point and the initial benchmark" of this inquiry, the sentencing court "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 49–50 (2007).

District courts may vary from the Guidelines on policy grounds. The Supreme Court expressly held that "district courts are free to deviate from the Guidelines based on disagreements with the crack/powder ratio." *Kimbrough v. United States*, 552 U.S. 85, 106-07 (2007). The Court went on to state in *Spears v. United States*, 555 U.S. 261 (2009) (*per curiam*), that a guideline may be rejected on a categorical basis "and not simply based on an individualized determination that [it] yield[s] an excessive sentence in a particular case." *Id*. at 264. The Ninth Circuit has since held that *Kimbrough* and *Spears* permit sentencing judges to "reject any Sentencing Guideline [based on a policy disagreement], provided that the sentence imposed is reasonable." *United States v. Mitchell*, 624 F.3d 023, 1030 (9th Cir. 2010).

In *Kimbrough*, the Court explained that "a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the heartland' to which the Commission intends individual Guidelines to apply." *Kimbrough,* 552 U.S. at 89 (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). This is especially true where the Guidelines provisions "do not exemplify the Commission's exercise of its characteristic institutional role[,]" which is "to base its determinations on empirical data and national experience." *Id*. at 109.

Here, Ms. Franklin submits that the following mitigating factors should be considered in favor of leniency at her sentencing.

I.      *Nature and Circumstances of the Offense*

Ms. Franklin does not object to the facts as laid out in the Presentence Report.

Ms. Franklin pled guilty, accepting the plea offered by the Government, and is pleading to the initial Indictment, thereby saving the Government the time and expense of a trial.

II.     *History and Characteristics of the Defendant*

Ms. Franklin's involvement in the instant offense should not be the only thing considered by this Court. Ms. Franklin is a whole, well-rounded person with a life full of family. Ms. Franklin is no stranger to adversity. She has faced significant adversity throughout her life. Born in Guinea, she is the eldest of three and also supports eight half-siblings in Africa. She has experienced traumatic events such as genital mutilation, which is unfamiliar to people in the United States. At 17, she entered an arranged marriage and endured a physically abusive relationship, as well as a complicated pregnancy. In 1989, she came to the United States for medical attention. These events only scratch the surface of the challenges Ms. Franklin has overcome. They depict a daughter, sister, mother, and wife who has consistently persevered against odds that would overwhelm most people.

III.    *Need to Avoid Sentencing Disparities*

When considering sentencing disparities, it is not only important to consider disparities amongst similarly situated defendants, but also to consider potential disparities amongst federal defendants. According to the United States Sentencing Commission, in the fiscal year of 2020, the median Base Offense Level in fentanyl trafficking cases was 26, corresponding to between 160 and 280 grams of fentanyl. USSC, Quick Facts, Fentanyl Trafficking Offenses, available at

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Fentanyl_FY21.pdf. The USSC's data further shows that the average sentence for fentanyl trafficking offenders was 58 months. *Id*. Moreover, of the 39.8% of fentanyl trafficking offenders who received a variance from the Guidelines range, 91.1% received a below-range variance with an average sentence reduction of 44.2%. *Id*. Furthermore, the average sentence imposed decreased from 95 months in fiscal year 2017 to 84 months in fiscal year 2021. *Id*.

Here the U.S. Probation Office recommended sentence according to Ms. Franklin's guidelines sentence is 121-151 months of imprisonment. Given that Ms. Franklin is 55 years old and that the national life expectancy is 78.8 years (*see* National Center for Health Statistics, NCHS Fact Sheet (March 2021), available at https://www.cdc.gov/nchs/data/factsheets/factsheet_nvss.pdf), a 121- 151 month sentence would result in approximately 10.08 – 12.58 years of imprisonment, which is ***about 5-7 years above the national average*** of 58 months. Thus, it is patently clear that a sentence of 121- 151 months incarceration would cause a significant sentencing disparity to the detriment of Ms. Franklin. prejudice. Consequently, a downward departure or variance is warranted.


*IV.      §3553(a)(2) Factors*

A sentence of 60 months would unequivocally reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for the offense.

Ms. Franklin does not have any criminal history, which is certainly a mitigating factor under Section 3553. It also suggests that a severe punishment would not yield significant deterrent effects. 18 U.S.C. § 3553(a)(2)(B). Research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of

punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006).

In addition, Ms. Franklin shows a low risk of recidivism, weighing in favor of leniency under the factor of "protecting the public" as provided 18 U.S.C. § 3553(a)(2)(C).

Ms. Franklin looks forward to the opportunity to continue educational opportunities within prison, to grow as a person, and to earn an education that will be useful to her upon release.

## V.    Letters in Support

Ms. Franklin respectfully submits the attached three letters in support for the Court's review and reserves the remainder of her argument for the forthcoming sentencing hearing.

## VI.    Conclusion

Based on the foregoing, Ms. Franklin respectfully presents the foregoing sentencing memorandum for this Court's consideration and in support of leniency at her sentencing.

Date:        May 29, 2024

Respectfully submitted,

*/s/  Todd Baldwin*
Todd Baldwin, Esq.  (VSB No.38198)
503 D St., NW
Suite #120
Washington, D.C. 20001
(703) 599-4449
ToddCubFan@aol.com

*/s/ Murdoch Walker II*
Murdoch Walker II, Esq.
(GA Bar No. 163417)
mwalker@lowtherwalker.com

*/s/ Serguel Mawuko Akiti*
Serguel Mawuko Akiti, Esq.
(DC Bar No. 1631134)

sakiti@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
(T): (404)-496-4052


*/s/   Terry C. Frank*
Terry C. Frank, Esq.  (VSB No. 74890)
Terry Frank Law
2920 W. Broad Street # 11
Richmond, VA 23230
(T): 804-477-4955
(F): (844) 906-2455
Terry@TerryFrankLaw.com


*Attorneys for Hadja Mamet Franklin*

## CERTIFICATE OF SERVICE

I certify that on May 29, 2024, I electronically filed the foregoing DEFENDANT HADJA MAMET FRANKLIN'S SENTENCING MEMORANDUM with the Clerk of the United States District Court for the Eastern District of Virginia by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail as follows:


*/s/   Todd Baldwin*
Todd Baldwin, Esq.  (VSB No.38198)
503 D St., NW
Suite #120
Washington, D.C. 20001
(703) 599-4449
ToddCubFan@aol.com